IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG MOSKOWITZ, on behalf of himself and others similarly situated, | CIVIL NO. 17-00299 HG-KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN SAVINGS BANK, F.S.B.'S MOTION FOR RULE 41(d) COSTS AND STAY OF PROCEEDINGS |
| vs. | |
| AMERICAN SAVINGS BANK, F.S.B., | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DEN IN PART DEFENDANT AMERICAN SAVINGS BANK, F.S.B.'S
<u>MOTION FOR RULE 41(d) COSTS AND STAY OF PROCEEDINGS</u>

Before the Court is Defendant American Savings Bank,

F.S.B.'s ("Defendant") Motion for Rule 41(d) Costs and Stay of

Proceedings, filed July 19, 2017.  On September 25, 2017,

Plaintiff Craig Moskowitz ("Plaintiff") filed an Opposition.[1]

Defendant filed a Reply on October 2, 2017.

This matter came on for hearing on October 25, 2017.

Justin Brackett, Esq., appeared, and Aytan Bellin, Esq., appeared

_____

[1]  The Opposition and other documents filed by Plaintiff
violate Local Rule 10.2(b), which requires that

> the name, Hawaii bar identification number,
> address, telephone number, facsimile number, and
> e-mail address of counsel . . . and the specific
> identification of each party represented by name
> and interest in the litigation (*e.g., plaintiff,
> defendant, etc.*) shall appear in the upper left-
> hand corner of the first page of each paper
> presented for filing.

Local Rule 10.2(b).

by phone, on behalf of Plaintiff.  Kevin Herring, Esq., and

Michael Vieira, Esq., appeared, and John Doroghazi, Esq.,

appeared by phone, on behalf of Defendant.  After careful

consideration of the parties' submissions, the applicable law,

and the arguments of counsel, the Court HEREBY RECOMMENDS that

the Motion be GRANTED IN PART AND DENIED IN PART for the reasons

articulated below.

BACKGROUND

A.    The Connecticut Action

On February 21, 2017, Plaintiff filed an action in the

U.S. District Court for the District of Connecticut - Moskowitz

v. American Savings Bank, F.S.B., Civil No. 3:17-00307 AWT

("Moskowitz I") - alleging violations of the Telephone Consumer

Protection Act ("TCPA").  Mot., Ex. B.  Plaintiff filed a Motion

for Class Certification and for a Temporary Stay of Further

Proceedings on That Motion concurrently with the complaint.  Id.,

Ex. D.

On March 10 and April 6, 2017, Defendant filed Motions

for Extension of Time to Plead.  Id., Exs. F & G.

On April 21, 2017, Defendant filed a Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(2).  Id., Ex. E.

On May 15, 2017, Plaintiff filed a Notice of Voluntary

Dismissal.  Id., Ex. H.

B.    The Present Action

On June 23, 2017, Plaintiff commenced this action, asserting the same claims against Defendant as in Moskowitz I. Indeed, the Complaint is identical save for two changes: 1) paragraph 6 was edited to identify this district as the proper venue because it is where Defendant resides[2] and 2) a date in paragraph 11 was edited from 2015 to 2016.  Compl. at ¶¶ 6 & 11.

Defendant subsequently filed this Motion and a Motion to Stay Pending Decision of D.C. Circuit.

DISCUSSION

Defendant requests its fees and costs incurred in Moskowitz I pursuant to Rule 41(d) of the Federal Rules of Civil Procedure ("FRCP").  Plaintiff counters that attorneys' fees are never available under FRCP 41(d) and alternatively, that fees are only recoverable under FRCP 41(d) when the statute underlying the cause of action provides for them.

FRCP 41(d) provides:

(d) Costs of a Previously Dismissed Action.  If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

_____

[2]  The paragraph previously alleged that venue was proper in Connecticut because it is where a substantial part of the events or omissions giving rise to the claim occurred.  Mot., Ex. B at ¶ 6.

3

> (2) may stay the proceedings until the plaintiff
> has complied.

Fed. R. Civ. P. 41(d). For this provision to apply, the parties must be the same in both actions and the claims in the new action must be the same or based upon the same claims in the first action. Id. FRCP 41(d) confers broad discretion upon courts to order stays and payment of costs, though neither is mandatory. Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc., 3:15-CV-617-CAB-KSC, 2015 WL 11921401, at *4 (S.D. Cal. Sept. 15, 2015) (citing Esquivel v. Arau, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996)). Although FRCP 41(d) is intended "to serve as a deterrent to forum shopping and vexatious litigation," id. (quoting Esquivel, 913 F. Supp. at 1386) (quotations omitted), it does not require a showing of subjective bad faith. Id. (quoting Esquivel, 913 F. Supp. at 1388). "Ultimately, '[t]he purpose of Rule 41(d) is to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims.'" Id. (quoting Holt v. Kormann, No. SACV 11-01047 DOC, 2012 WL 5829864, at *2 (C.D. Cal. Nov. 15, 2012)) (alteration in original).

The Court, exercising its discretion, finds that FRCP 41(d) applies here because 1) Plaintiff dismissed his previous action, Moskowitz I; 2) both Plaintiff and Defendant were parties in the previous action; and 3) Plaintiff has filed a substantively identical Complaint in this action.

A.    Attorneys' Fees and Costs Are Recoverable Pursuant to
      FRCP 41(d)

            Plaintiff argues that fees are not recoverable under

FRCP 41(d).  This Court has twice determined that FRCP 41(d)

includes both expenses and attorneys' fees that were reasonably

incurred in the prior case and will not contribute to the defense

of this case.  Aloha Airlines, Inc. v. Mesa Air Group, Inc., No.

07-00007 DAE-KSC, 2007 WL 2320672, at *4 (D. Haw. Aug. 10, 2007);

Uy v. HSBC Bank USA, Nat. Ass'n, No. CIV. 14-00261 HG, 2014 WL

6471331, at *2 (D. Haw. Nov. 3, 2014), report and recommendation

adopted, 2014 WL 6471747 (D. Haw. Nov. 18, 2014).[3]  Plaintiff has

_____

      [3]  This Court is not alone.  See, e.g., Platinum Logistics,
2015 WL 11921401, at *5 (finding persuasive the "reasoning of the
cases finding that fees are recoverable under Rule 41(d)" and
collecting cases); Cadle Co. v. Beury, 242 F.R.D. 695, 699 (S.D.
Ga. 2007) ("To summarize, the word 'costs' in Rule 41(d), as
evidenced by the 1993 amendment to Rule 54(d), includes
attorney's fees.  Alternatively, the term 'costs' is at least
ambiguous, and thus under Rule 1's just, speedy, and inexpensive
litigation prism it must be read to include attorney's fees.
Either way, Rule 41(d) affords the Court discretion to award
attorney's fees as part of the 'costs of the action previously
dismissed.'"); Adams v. New York State Educ. Dep't, 630 F. Supp.
2d 333, 343 (S.D.N.Y. 2009)) (awarding fees under FRCP 41(d) and
collecting cases); Behrle v. Olshansky, 139 F.R.D. 370, 374 (W.D.
Ark. 1991) ("The court believes and finds that Congress must have
intended when Rule 41(d) was adopted to give the court discretion
to include reasonable attorney's fees in the 'costs' that could
be imposed."); Groom v. Bank of Am., No. 8:08-CV-2567-T-27EAJ,
2010 WL 627564, at *8 (M.D. Fla. Feb. 23, 2010) (awarding fees
under FRCP 41(d)); Holt, 2012 WL 5829864, at *5 & n.2 (finding
that fees are allowable under FRCP 41(d)); Bran v. Sun Pac.
Farming Coop., No. CVF 06-0871 LJO TAG, 2007 WL 781865, at *4
(E.D. Cal. Mar. 13, 2007) (holding that an award of attorneys'
fees and costs pursuant to FRCP 41(d) is not automatic, but
within the discretion of this Court).

not articulated a legitimate basis to revisit these decisions. As with the plaintiff in <u>Aloha Airlines</u>, Plaintiff relies on <u>Rogers v. Walmart Stores, Inc.</u>, 230 F.3d, 868 (6th Cir. 2000), to support his contention. However, this Court already considered and rejected the reasoning underlying the <u>Rogers</u> decision. <u>Aloha Airlines</u>, 2007 WL 2320672, at *3 (citing <u>Rogers</u> as a court that disallows attorneys fees under FRCP 41(d), and instead following the majority of courts that award attorneys' fees under FRCP 41(d)).

Plaintiff alternatively argues that fees are only recoverable when the statute underlying the cause of action provides for them and he relies exclusively on <u>Azizian v. Federated Dept. Stores, Inc.</u>, 499 F.3d 950 (9th Cir. 2007) and Fourth Circuit and Seventh Circuit cases[4] for this proposition. <u>Azizian</u> is wholly irrelevant. The <u>Azizian</u> decision pertains to "costs on appeal" pursuant to Federal Rule of Appellate Procedure ("FRAP") 7 and consequently has no applicability here.[5]

---

[4] <u>Andrews v. America Living Centers, LLC</u>, 827 F.3d 306 (4th Cir. 2016); <u>Esposito v. Piatrowski</u>, 223 F.3d 497 (7th Cir. 2000). Plaintiff additionally cites two district court cases that have relied on the foregoing.

[5] At the hearing, Mr. Bellin erroneously insisted that <u>Marek v. Chesny</u>, 473 U.S. 1 (1985), a case relied upon by the <u>Azizian</u> court, governs the definition of costs as it is used in the federal rules, both civil and appellate. <u>Marek</u> adjudicated "whether attorney's fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff recovers a judgment less than the offer." <u>Id.</u> at 3.

Demonstrating a fundamental misunderstanding of the law,

Plaintiff criticizes this Court for failing to "even mention"

Azizian in its Uy decision and proffers that Uy and Aloha

Airlines are no longer good law and may not be followed in light

of Azizian. Opp'n at 8-9. Applying Plaintiff's flawed logic,

any case, pertinent or not, could upend valid, existing case law.

The Azizian holding has no bearing on any FRCP 41(d) rulings, and

Plaintiff could not identify a single case that discussed it in

connection with FRCP 41(d), much less extended it to FRCP 41(d).

    The Fourth and Seventh Circuit cases cited by Plaintiff

do not compel a different result than Aloha Airline and Uy, as

---

It does not stand for the proposition that FRCP 41(d) only
includes fees if the substantive statutes governing the claims
authorize fees. Esquivel, 913 F. Supp. at 1390-92 (citing Marek
for its interpretation of "costs" under FRCP 68, and as an
example of fees being recoverable even if a rule does not
expressly mention "attorneys' fees", but nevertheless concluding
that FRCP 41(d) authorizes fees and costs irrespective of whether
an underlying statute provides for the same).

    Mr. Bellin also referenced Family PAC v. Ferguson, 745 F.3d
1261 (9th Cir. 2014), wherein the Ninth Circuit considered
whether "costs" under FRAP 39 include attorneys' fees recoverable
as part of costs under 42 U.S.C. § 1988 and similar statutes.
Responding in the negative, the court reasoned that 1) FRAP 39
enumerates the costs on appeal that may be awarded; 2) the
advisory committee's note "makes plain that the rule is premised
on [28 U.S.C.] § 1920"; 3) FRCP 39 links "the taxation of costs
with the results of the appeal" which can result in each party
bearing its own costs in the case of a mixed judgment, whereas
partially prevailing plaintiffs may be entitled to fees under
§ 1988 "if they succeed on *any significant issue* in litigation";
and 4) cost determinations are typically made when the
disposition of the appeal is resolved on the merits, while fee
motions are filed and addressed later. Id. at 1266-69. None of
this reasoning applies here.

this Court is not bound to follow them.  Putting that aside,
however, adopting a rule that fees could only be awarded under
FRCP 41(d) if the statute underlying the cause of action provides
for them, would cause perverse results.  It would allow
plaintiffs whose conduct was intended to be deterred by FRCP
41(d) to escape fee awards simply because fees are unavailable
with respect to the underlying claims.  Given that the purpose of
FRCP 41(d) is to deter vexatiousness and forum shopping and to
protect defendants from the harassment of repeated lawsuits by
the same plaintiff on the same claims, fees should not be
predicated on the availability of fees as to the underlying
claims.  They should be predicated on whether or not a "plaintiff
who previously dismissed an action in any court files an action
based on or including the same claim against the same defendant,"
as contemplated by FRCP 41(d).

FRCP 41(d) is collateral to the underlying claims in a
case, unlike other cost provisions such as FRAP 7 and 39, and
FRCP 68.  It is akin to a sanction, unconnected to the actual
claims presented in the litigation, and concerns a plaintiff's
conduct related to litigation, versus a party's liability as to
the claims in a given case.  Appellate costs, like FRCP 54 fees
and costs, are awarded to prevailing parties.  In those
instances, the award of fees and costs is <u>tied to the claims</u> in a
respective action, and it logically follows that the statute

underlying the cause of action must provide for fees and costs.

For the reasons stated above, the Court concludes, as it has before, that FRCP 41(d) permits the recovery of both fees and costs. The Court does not impose a requirement that fees are only available when authorized by the statutes/provisions governing the underlying claims.

B.   Defendant Need Not Establish Bad Faith or Vexatiousness

Plaintiff asserts that Defendant has utterly failed to demonstrate that he "acted in bad faith, vexatiously, wantonly, or for oppressive purpose." Opp'n at 9. However, as already noted, a showing of subjective bad faith is not required. Neither is vexatiousness the standard applied by the Court with respect to FRCP 41(d). Uy, 2014 WL 6471331, at *2. FRCP 41(d) is meant to serve as a deterrent to forum shopping and vexatious litigation, but it does not follow that vexatiousness or forum shopping are preconditions to an FRCP 41(d) award.

The pertinent facts in this case are uncontested: Plaintiff commenced Moskowitz I against Defendant; Defendant filed a motion to dismiss for lack of personal jurisdiction; Plaintiff, without responding to the motion to dismiss, voluntarily dismissed Moskowitz I; and following the dismissal, Plaintiff filed an identical lawsuit against Defendant here. This sequence of events falls squarely within FRCP 41(d) and is precisely the type of situation covered by FRCP 41(d). To wit,

9

Plaintiff has "commence[d] an action based upon or including the same claim[s] [as brought in a previously dismissed action] against the same defendant." Esquivel, 913 F. Supp. at 1387 (quotations omitted) (alterations in original).

Plaintiff submits that he reasonably believed (and still believes) that specific jurisdiction existed with respect to Defendant in Connecticut. He nevertheless dismissed Moskowitz I and elected to refile in this district to avoid questions concerning the existence of personal jurisdiction. According to Plaintiff, his voluntary dismissal saved time and money and conserved the resources of the Connecticut district court as well as the Second Circuit.[6] These arguments are unavailing.

A plaintiff "bears the responsibility of determining the appropriate forum in which to prosecute her case . . . and of establishing that personal jurisdiction exists." Id. (citing Decker Coal Co. V. Commonwealth Edison Co., 805 F.2d 834, 839 (9th Cir. 1986); Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977)). Plaintiff's dismissal of Moskowitz I (without responding to Defendant's motion to dismiss) and subsequent refiling of the identical action here arguably demonstrates some recognition that Moskowitz I "was vulnerable on

_____

[6] Plaintiff cannot genuinely claim that his actions were taken for the purpose of conserving court resources. He merely shifted the burden from the District of Connecticut to this district. And his actions have caused additional motions practice, this being a perfect example of such.

the grounds asserted in [Defendant's] motion." Id. Plaintiff

simultaneously defends the propriety of jurisdiction in

Connecticut while acknowledging that during his review of

Defendant's motion to dismiss, he

> became aware of two non-binding district court
> cases from outside of the Second Circuit that held
> that notwithstanding the state in which a
> defendant's call to a cell phone is received,
> there is no specific jurisdiction over the
> defendant in that state if the number of [sic]
> receiving cell phone contains an out-of-state area
> code.

Opp'n at 10-11. Thus, despite Plaintiff's claim that his

decision to voluntarily dismiss Moskowitz I was primarily

motivated by a desire to conserve resources and minimize costs,

it is equally as plausible that Plaintiff sought to avoid an

adverse ruling and dismissal in Connecticut.

Plaintiff deems preposterous Defendant's allegation

that he engaged in forum shopping. Plaintiff believes that he

could not have engaged in forum shopping because Hawaii is the

least convenient forum for him and his attorneys[7] and the most

convenient for Defendant. Defendant's point is that Plaintiff

forum shopped by improperly filing Moskowitz I in Connecticut,

the forum most convenient to him, notwithstanding questions about

the existence of personal jurisdiction. Whether or not Plaintiff

engaged in forum shopping, however, does not affect the outcome

---

[7] One of Plaintiff's two attorneys practices in Hawaii.

of this Motion. Defendant is not required to establish that Plaintiff engaged in forum shopping to prevail. Accordingly, the Court recommends that Defendant be awarded fees and costs under FRCP 41(d).

C.    Fee Award

Defendant requests $22,572.26 in fees.[8] This amount excludes work that will still be useful to Defendant in the present litigation. Aloha Airlines, 2007 WL 2320672, at *4 ("Under Rule 41(d), a court should not award costs associated with past work that will still be useful to defendants in the present litigation."). The Court assesses the reasonableness of the requested fees.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must

---

[8] It appears that there are a couple of miscalculations. Plaintiff requests $22,572.31 in fees, but the correct amount based on the hours set forth in Exhibit J to John Doroghazi's Declaration is $22,572.26. The error originates from paragraph 26.c of Mr. Doroghazi's Declaration. In it, he states that work involving motions predicated on jurisdictional issues and procedural irregularities totaled $19,666.78. However, the accompanying table itemizing the fees by attorney is inaccurate. The hours listed for Mr. Doroghazi and Ms. Bildner should be 11.2 and 52.5, respectively, instead of 12 and 59, as listed. The table reflects a total of $20,806.50 in fees for the time expended in connection with the jurisdictional issues and procedural irregularities. Applying the correct hours in the table results in a total of $19,666.73.

determine a reasonable fee by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly

rate." <u>Hensley</u>, 461 U.S. at 433.  Second, the court must decide

whether to adjust the lodestar amount based on an evaluation of

the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526

F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed

in the lodestar calculation.  See <u>Fischer</u>, 214 F.3d at 1119

(citation omitted).

The factors articulated by the Ninth Circuit in <u>Kerr</u>

are as follows:

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  See <u>Morales v. City of San</u>

<u>Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar calculation.

See <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549

(9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345

(9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  <u>See</u> <u>Pennsylvania v. Delaware Valley</u>

<u>Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see</u>

<u>also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

    1.   <u>Hourly Rates</u>

    Defendant requests the following hourly rates: 1) John

Doroghazi - $355.00; 2) Kim Rinehart - $436.50; 3) Elana Bildner

- $261.25; and 4) Nicole Chavez -$215.00.  Plaintiff contests

these rates and argues that this district's prevailing rates

control.  Applying what he claims are the prevailing rates in

this district, Plaintiff submits that the hourly rates should be

reduced to $220.00, $275.00, $165.00 and $80.00.[9]  Plaintiff is

incorrect.

    In determining the reasonableness of an hourly rate,

the experience, skill, and reputation of the attorney requesting

fees are taken into account.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d

829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate

should reflect the prevailing market rates in the community.  <u>See</u>

---

    [9] Plaintiff clearly has not reviewed any recently issued
decisions establishing reasonable hourly rates in this district.
Plaintiff relies on <u>Aloha Airlines</u>, a 2007 case, for findings
concerning reasonable hourly rates.  If Honolulu was the relevant
community against which to measure prevailing market rates, the
hourly rate determinations made 10 years ago would be of limited
value, if at all.

id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008) ("[T]he court must consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation."). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Just as the Court reduces mainland counsel's hourly rates in cases litigated within this district so they are commensurate with prevailing local rates, the Court must ensure that defense counsel's hourly rates reflect the prevailing market rates in Connecticut, which is the relevant community because Moskowitz I was litigated there. Defendant relies in part on state court cases to support its counsel's requested hourly rates. The Court is guided by Connecticut federal district court opinions, not Connecticut state court opinions. When this Court evaluates hourly rates within this district, it does not designate rates based on those awarded by Hawaii state courts.

a. Mr. Doroghazi

Mr. Doroghazi is a partner with 11 years of experience, including significant class action defense and experience with TCPA litigation. Mot., Decl. of John M. Doroghazi ("Doroghazi Decl.") at ¶ 15. Based on its review of hourly rates awarded for attorneys with comparable experience in Connecticut, the Court finds $310.00 to be a reasonable rate. Friedman v. SThree PLC., No. 3:14CV00378(AWT), 2017 WL 4082678, at *7 (D. Conn. Sept. 15, 2017) (awarding $275 hourly rate for attorney with 12 years of experience); Parris v. Pappas, 844 F. Supp. 2d 262, 266 (D. Conn. 2012) (finding reasonable a $275 hourly rate for an attorney with more than 11 years of legal experience); Doe v. Darien Bd. of Educ., No. 3:11CV1581 (JBA), 2015 WL 8770003, at *5 (D. Conn. Dec. 14, 2015) ("In light of Ms. DeVore's significant experience in the specific area of law at issue in this case and her ten years of practicing law, $200/hour strikes the Court as too low. The Court finds that an hourly rate of $375 is reasonable."); Fuk Lin Pau v. Jian Le Chen, No. 3:14CV841(JBA), 2015 WL 8490907, at *2 (D. Conn. Dec. 10, 2015) (finding reasonable $350 hourly rate for attorney with 10 years of experience).

b. Ms. Rinehart

Ms. Rinehart is a partner and has been a trial court and appellate litigator for over 18 years. Doroghazi Decl. at ¶ 16. The Court finds that $375.00 is a reasonable hourly rate

16

for Ms. Rinehart. <u>Friedman</u>, 2017 WL 4082678, at *7, *12 ($375 hourly rate for attorneys with 17 and 20 years experience); <u>Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.</u>, No. 3:03CV599(CFD), 2011 WL 721582, at *5 (D. Conn. Feb. 22, 2011) (finding $325 per hour a reasonable rate for a partner with eighteen years of experience)).

     c.   <u>Ms. Bildner</u>

Ms. Bildner is a litigation associate with four years of experience. Doroghazi Decl. at ¶ 17. The Court finds that $220.00 is a reasonable hourly rate based on her experience. <u>Friedman</u>, 2017 WL 4082678, at *12 ($250 hourly rate for attorney with 6 years of experience); <u>Doe</u>, 2015 WL 8770003, at **5-6 (D. Conn. Dec. 14, 2015) (finding $275 hourly rate to be reasonable for attorney with 5 years of experience); <u>Crawford v. City of New London</u>, No. 3:11-CV-1371 JBA, 2015 WL 1125491, at *3 (D. Conn. Mar. 12, 2015) (concluding that $250 is a reasonable hourly rate for an attorney with 8 years of experience); <u>U.S. Bank Trust v. Walber</u>, No. 3:17-CV-00991 (CSH), 2017 WL 4613192, at *4 (D. Conn. Oct. 16, 2017) ($250 for attorney with 6 years); <u>Parris</u>, 844 F. Supp. 2d at 267 (finding $225 per hour an appropriate rate for an attorney with five years of legal experience); <u>Schuman v. Aetna Life Ins. Co.</u>, No. 3:15-CV-01006 (SRU), 2017 WL 2662191, at *9 (D. Conn. June 20, 2017) ($200 is appropriate for an attorney with 2 years of experience).

### d. Ms. Chavez

Ms. Chavez is a paralegal with over 20 years of experience. Doroghazi Decl. at ¶ 17. In Connecticut, paralegals have been awarded hourly rates ranging from $100 to $150. A. v. Hartford Bd. of Educ., No. 3:11-CV-01381-GWC, 2017 WL 187138, at *7 (D. Conn. Jan. 17, 2017) (concluding that $140 is a reasonable paralegal hourly rate); Ramos v. Goauto Centers of Meriden, LLC, No. 3:15-CV-00314 (JAM), 2016 WL 7424119, at *2 (D. Conn. Dec. 23, 2016) (finding $100 to be a reasonable paralegal hourly rate); Doe, 2015 WL 8770003, at *6 (applying $140 hourly rate for paralegal); U.S. Bank Trust, 2017 WL 4613192, at *4 (citing KX Tech LLC v. Dilmen LLC, No. 3:16-CV-00745, 2017 WL 2798248, at *9 (D. Conn. June 28, 2017) (finding $150 per hour "commensurate with the hourly rates typically awarded for the work of paralegals in this District" (collecting cases)). In view of Ms. Chavez's experience, the Court finds that $140.00 is a reasonable hourly rate.

### 2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). Courts

18

must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiff contends that the time expended in connection with Defendant's motions for extension of time and its response to his motion for class certification should be excluded. It is Plaintiff's position that the motions for extension of time were not necessitated by any action on his part, and that Defendant could have simply agreed to stay the class certification motion pending discovery instead of opposing the motion. The Court disagrees.

As earlier noted, the Court should not award costs associated with past work that will be still be useful to Defendant in the present litigation. Aloha Airlines, 2007 WL 2320672, at *4. Neither the motions for extension of time nor the opposition to class certification will be useful to Defendant

in this action. Moreover, the Court declines to second guess defense counsel's litigation strategy. It was not unreasonable for Defendant to seek extensions of time to file an appropriate responsive pleading challenging jurisdiction, which ultimately led to the voluntary dismissal of the action.[10] Further, it was not unreasonable for Defendant to challenge the motion for class certification. Defendant had no obligation to agree to stay the motion and the fact that Plaintiff filed the motion concurrently with the complaint, then wished to stay it (even conceding that it was a placeholder motion), suggests that it was prematurely filed. Thus, Plaintiff's conduct, not Defendant's, necessitated the filing of the opposition to the motion.

Plaintiff also characterizes as "puzzling" Defendant's decision to oppose the motion when it planned to file a motion to dismiss. The Court questions the veracity of Plaintiff's statements, this being one of multiple examples of distortion of the facts, at best, and/or misrepresentation, at worst. Plaintiff conveniently omitted (or ignored) the fact that Rule 7(a) of the District of Connecticut's Local Rules of Civil

---

[10] Defendant sought the first extension because Mr. Doroghazi was retained shortly before the deadline to respond. Plaintiff disclaims any responsibility for contributing to the motions to extend. However, delays can arguably be attributed, at least in part, to the fact that Defendant was hailed into a court across the country. Moreover, according to defense counsel's time sheets, Plaintiff's counsel was contacted regarding the extensions prior to the filing of the motions. Mot., Doroghazi Decl., Ex. J.

Procedure requires memoranda in opposition to be filed within 21 days of the filing of a motion. Because this deadline preceded the filing of the motion to dismiss on April 21, 2017, Defendant was simply complying with court deadlines by filing its opposition on March 14, 2017. Defendant did not have to agree with Plaintiff's request for a stay merely because its motion to dismiss might have been in the works. Success on a motion can never be guaranteed and parties are entitled to preserve their rights and respond to the opposing party's requests for relief in the interim. The Court therefore declines to exclude outright the time expended in connection with the motions for extension of time and opposition to the motion for class certification.

After conducting a thorough review of defense counsel's submissions, the Court finds that reductions should be made for clerical tasks, insufficient descriptions, reusable work, and block billing.

a. <u>Clerical Tasks</u>

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>HRPT Props. Trust v. Lingle</u>, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011) (alteration in original) (citations and quotations omitted). The following is a list of tasks previously deemed clerical or ministerial in this district and are therefore non-compensable:

reviewing Court-generated notices; scheduling
dates and deadlines; calendering dates and
deadlines; notifying a client of dates and
deadlines; preparing documents for filing with the
Court; filing documents with the Court; informing
a client that a document has been filed;
personally delivering documents; bates stamping
and other labeling of documents; maintaining and
pulling files; copying, printing, and scanning
documents; receiving, downloading, and emailing
documents; and communicating with Court staff.[11]

Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ.

No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1,

2010), adopted by 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also

deeming clerical identification and organization of exhibits);[12]

see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP,

2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in

pertinent part by 2012 WL 6019121 (D. Haw. Nov. 30, 2012)

(deeming clerical work completed on table of authorities).

        Here, Ms. Chavez expended 5.2 hours on clerical tasks

such as e-filing documents and preparing exhibits.[13]   Even if Ms.

---

        [11]  This list is a sampling and is not exhaustive.

        [12]  Although selecting exhibits to be used in a case is a
legal task, simple review and/or organization is clerical.  I.T.
v. Dep't of Educ., Haw., 18 F. Supp. 3d 1047, 1054 (D. Haw.
2014).

        [13]  The Court finds her entries dated 3/10/17 ("Review,
finalize and e-file Appearances for J. Doroghazi and K. Rinehart,
Corporate Disclosure Statement and Motion for Extension of Time
to Plead"); 4/6/17 ("Draft and forward second motion for
extension of time to J. Doroghazi, finalize and e-file and
forward client copy to J. Doroghazi"); 4/20/17 ("Review, edit and
prepare exhibits to Motion to Dismiss and supporting documents;
confer with E. Bildner regarding same"); and 4/21/17 ("Various

Chavez, a paralegal, completed the tasks, they are non-compensable. This is because a clerical task is non-compensable, whether billed at an attorney or paralegal rate. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

Certain of the clerical tasks were block billed[14] with a compensable task. That is, Ms. Chavez included multiple tasks within a single time entry.[15] Therefore, even though the entire time entry may not have involved clerical tasks, the Court will recommend exclusion of the entire entry because the use of block billing precludes the Court from reasonably apportioning the time between the clerical task and the compensable task. <u>I.T.</u>, 18 F. Supp. 3d at 1054 ("[I]n light of the fact that this Court cannot determine how much of the 2.3 hours attributed to the entry as a whole was spent on the legal services [versus clerical work], this Court agrees with the magistrate judge that the entire entry

---

internal communications with J. Doroghazi regarding motion to dismiss and supporting documents; attention to e-filing and forwarding as-filed copy to J. Doroghazi") to include clerical tasks.

[14] The Court will discuss block billing later.

[15] For example, Ms. Chavez's 4/20/17 would be compensable as to her conferral with Ms. Bildner, but the inclusion of a clerical task (preparing exhibits) within the same time entry precludes recovery of the entire time entry because the Court has no way to accurately apportion the time between tasks.

should be excluded as improper block billing."). Based on its careful review of the time sheets, the Court recommends that the district court deduct 5.2 hours from Ms. Chavez for her work on clerical tasks.

       b.  <u>Insufficient Descriptions</u>

      The Court finds that Mr. Doroghazi's 4/17/17 entry must be excluded due to the inadequacy of the description. Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2). The rule further provides:

> [C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly. For example, the time entries for telephone conferences must include an identification of all participants and the reason for the call.

Local Rule 54.3(d)(2). Mr. Doroghazi's 4/17/17 entry states: "Telephone call with insurer." Mot., Doroghazi Decl., Ex. J. It properly includes the participants, but fails to identify the purpose of the call. Entries that are not sufficiently descriptive preclude an assessment of reasonableness. Thus, the Court recommends a reduction of 0.3 hours for Mr. Doroghazi.

c. <u>Reusable Work</u>

Defendant acknowledges that it is only entitled to fees for work that will be of no utility in this litigation. Although the Court finds that nearly all of the requested hours relate to work that will be of no use here, there are a few time entries that relate to work that has been of use here; namely, the corporate disclosure statement. The content of the corporate disclosure statement is identical in <u>Moskowitz I</u> and this action. <u>Compare</u> Civil No. 3:17-00307 AWT (D. Conn.), Doc. No. 10 <u>with</u> Civil No. 17-00299 HG-KSC, Doc. No. 12. Mr. Doroghazi and Ms. Chavez expended 0.2 hours and 0.3 hours, respectively, on tasks associated with the corporate disclosure statement – 3/8/17 ("Draft corporate disclosure statement and forward to J. Doroghazi") and 3/10/17 ("Final revision to motion for time, appearances, and corporate disclosure statement and e-mail").[16] As such, the Court recommends that Mr. Doroghazi's hours be reduced by 0.2 and that Ms. Chavez's hours be reduced by 0.3.

d. <u>Block Billing</u>

Finally, though limited, Mr. Doroghazi utilized block billing. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total

_____

[16] Mr. Doroghazi's 3/10/17 entry included compensable tasks, but as the Court previously explained, the inclusion of a non-compensable task within the same time entry precludes recovery of the entire time entry because the Court has no way to reasonably apportion the time between tasks.

daily time spent working on a case, rather than itemizing the time expended on specific tasks." <u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted). Block billed entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. <u>Welch v. Metro. Life Ins. Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007). <u>See</u> <u>also</u> <u>id.</u> (citing <u>Role Models Am., Inc.</u> <u>v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); <u>see</u> <u>also</u> <u>Hensley</u>, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")). Indeed, it is challenging to assess the reasonableness of a time entry when it includes several tasks.

Counsel's use of block billing makes it difficult, if not impossible, for the Court to assess the reasonableness of the hours expended as to those entries. Hence, the Court finds it appropriate to impose an across-the-board reduction of 20% as to the entries that are in the "block billing" format. <u>Gonzales</u>, 729 F.3d at 1203 (citing <u>Welch</u>, 480 F.3d at 948 (affirming 20%

cut to hours where fee applicant block billed, because court relied on third-party report that block billing increased number of hours by 10–30%)); <u>Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc.</u>, No. CV 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by 20%). The Court emphasizes that its proposed reduction applies only the block billed entries; the 20% reduction does not apply to all hours.

Mr. Doroghazi billed 0.9 hours in the block format – 4/5/17 ("E-mail regarding extension and e-mail E. Bildner re working on insurance write up") and 5/15/17 ("Consider strategy due to plaintiff's failure to respond to motion to dismiss and e-mail E. Bildner and K. Rinehart re same; review notice of voluntary dismissal; e-mail re same"). Applying the 20% reduction, the Court recommends that Mr. Doroghazi's hours be reduced by 0.18.

Based on the foregoing, the Court finds that defense counsel reasonably expended 74.52 hours on work in <u>Moskowitz I</u> that will be of no utility here: Mr. Doroghazi – 15.82 hours; Ms. Rinehart – 2 hours; Ms. Bildner – 53.2 hours; and Ms. Chavez – 3.5 hours.

e.    <u>Total Fee Award</u>

In sum, the Court finds that Defendant is entitled to $17,848.20 in fees:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| John Doroghazi | 15.82 | $310.00 | $4,904.20 |
| Kim Rinehart | 2 | $375.00 | $750.00 |
| Elana Bildner | 53.2 | $220.00 | $11,704.00 |
| Nicole Chavez | 3.5 | $140.00 | $490.00 |
| **TOTAL** | | | **$17,848.20** |

The Court recommends that the district court award Defendant **$17,848.20** in fees.

D.   Costs

Defendant also requests $1,196.23 in costs, which is comprised of $1,192.29 for legal research and $3.94 for a conference call.  Plaintiff challenges the legal research costs because Defendant did not provide receipts nor specify the motions to which the research applied.  Plaintiff contends that Defendant should not be reimbursed for legal research costs associated with the opposition to the motion for class certification or the motions for extension of time.

Reasonable costs are recoverable "as long as they are not related to work products that can used in the second action." Aloha Airlines, 2007 WL 2320672, at *7 (citation omitted). Telephone costs, research costs, postage and express delivery costs, and pro hac vice application costs are among those recoverable under FRCP 41(d).  Id.

In the present case, the Court finds that Defendants reasonably incurred the requested legal research and conference call costs. Mr. Doroghazi represents that the costs "related to the motions and briefing that were filed in the Connecticut Litigation." Doroghazi Decl. at ¶ 27. The Court having already found that the motions and briefing filed in <u>Moskowitz I</u> will not contribute to the defense here, any related costs are compensable. An itemization of the legal research costs is not necessary given Mr. Doroghazi's representation that they related to the motions and briefing filed in <u>Moskowitz I</u>. Legal research costs totaling $1,192.29 are manifestly reasonable for the motion to dismiss and opposition to motion for class certification.[17] Accordingly, the Court recommends that Defendant be awarded **$1,196.23** in costs.

Based on the foregoing, the Court recommends that Defendant be awarded **$17,848.20** in fees and **$1,196.23** in costs pursuant to FRCP 41(d), and that Plaintiff be directed to remit payment no later than two weeks after the issuance of an order taking action on this Findings and Recommendation.

E.   <u>Stay</u>

Lastly, Defendant requests a stay until Plaintiff pays the FRCP 41(d) award and dismissal if Plaintiff fails to pay.

---

[17]   The time sheets establish that legal research was conducted in connection with these filings.

The Court, exercising its discretion, declines to stay the matter because doing so might disrupt the timely and orderly disposition of this Motion.[18]  At this time, the Court also recommends denial without prejudice of Defendant's request to dismiss this action if payment is not timely made.  If Plaintiff fails to timely pay Defendant, Defendant may request that the district judge dismiss the action, as this Court is without the authority to do so.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion be GRANTED IN PART AND DENIED IN PART.  The Court recommends that Defendant be awarded **$17,848.20** in fees and **$1,196.23** in costs pursuant to FRCP 41(d), and that Plaintiff be directed to remit payment no later than two weeks after the issuance of an order taking action on this Findings and Recommendation.

The Court declines to stay the matter at this time and recommends that Defendant's request to dismiss this action be DENIED WITHOUT PREJUDICE, subject to renewal before the district judge if Plaintiff fails to timely remit payment.

---

[18]  Also pending before the Court is Defendant's Motion to Stay Pending Decision of D.C. Circuit, which will be addressed by a separate order.

IT IS SO FOUND AND RECOMMENDED.

DATED:     Honolulu, Hawaii, October 30, 2017.



Kevin S.C. Chang
United States Magistrate Judge

Civil No. 17-00299 HG-KSC; Moskowitz v. American Savings Bank, F.S.B.;
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANT AMERICAN SAVINGS BANK, F.S.B.'S MOTION FOR RULE 41(d) COSTS
AND STAY OF PROCEEDINGS

31