IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG MOSKOWITZ, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>AMERICAN SAVINGS BANK, F.S.B.,<br><br>        Defendant. | CIVIL NO. 17-00299 HG-KSC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING DECISION OF D.C. CIRCUIT |

ORDER GRANTING DEFENDANT'S MOTION TO STAY
PENDING DECISION OF D.C. CIRCUIT

Before the Court is Defendant American Savings Bank, F.S.B.'s ("Defendant") Motion to Stay Pending Decision of D.C. Circuit, filed July 19, 2017. On September 25, 2017, Plaintiff Craig Moskowitz ("Plaintiff") filed an Opposition.[1] Defendant filed a Reply on October 2, 2017.

---

[1] The Opposition and other documents filed by Plaintiff violate Local Rule 10.2(b), which requires that

> the name, Hawaii bar identification number, address, telephone number, facsimile number, and e-mail address of counsel . . . and the specific identification of each party represented by name and interest in the litigation (*e.g., plaintiff, defendant, etc.*) shall appear in the upper left-hand corner of the first page of each paper presented for filing.

Local Rule 10.2(b).

This matter came on for hearing on October 25, 2017. Justin Brackett, Esq., appeared, and Aytan Bellin, Esq., appeared by phone, on behalf of Plaintiff. Kevin Herring, Esq., and Michael Vieira, Esq., appeared, and John Doroghazi, Esq., appeared by phone, on behalf of Defendant. After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY GRANTS the Motion for the reasons articulated below.

ANALYSIS

Defendant requests a stay of this action pending the issuance of the D.C. Circuit's decision in <u>ACA International v. FCC</u>, No. 15-1211, (D.C. Cir. filed Nov. 25, 2015), which concerns the interpretation of automatic telephone dialing systems ("ATDS"). Defendant argues that because the decision will govern claims and issues before this Court, a stay would promote economy and conserve resources. Plaintiff counters that Defendant has not demonstrated a strong likelihood of success on the merits; that Defendant would not suffer hardship and inequity if this action proceeds without a ruling from the D.C. Circuit; and he will suffer substantial prejudice because a stay could cause a delay of several years.

District courts have "broad discretion to stay proceedings as an incident to its power to control its own

2

docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citation omitted); Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979); Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming district court decision to stay proceedings pending outcome of arbitration as to certain claims).

In exercising its judgment, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55; Malama Mauka v. Rumsfeld, 136 F. Supp. 2d 1155, 1165 (D. Haw. 2001) ("[T]he competing interests that will be affected by the granting or refusing of a stay must be weighed."). These competing interests include

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254–55); Malama Mauka, 136 F. Supp. 2d at 1165 (citing Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)) (some citations omitted). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). Courts should not grant stays "unless it appears likely the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court." Leyva, 593 F.2d at 864.

As an initial matter, the Court notes that Plaintiff relies upon the incorrect standard in opposing the Motion.[2]

---

[2] Plaintiff applies the standard set forth in Nken v. Holder, 556 U.S. 418 (2009), which concerns the stay of enforcement of judgments or orders during the pendency of an appeal. Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (applying Nken in context of stay of the district court's order pending an appeal); Washington v. Trump, 847 F.3d 1151,

4

This case does not concern the stay of a judgment or an order pending an appeal originating from this case. Applying the proper standard stated above, and exercising its broad discretion to stay proceedings as an incident to its power to control its own docket, the Court GRANTS the Motion and stays the case pending the issuance of the D.C. Circuit's decision.[3]

The Court finds it reasonable to impose a brief stay to await resolution of legal issues that bear on the adjudication of the claims in this action. Leyva, 593 F.2d 857 at 863. Although a stay will slightly delay the disposition of this case, Plaintiff will not suffer undue prejudice. Plaintiff speculates that the stay could drag on indefinitely because the D.C. Circuit decision will likely be appealed to the Supreme Court. Plaintiff's concerns about circumstances that have yet to materialize do not support the

---

1164 (9th Cir. 2017) (same). Nken has no applicability here.

[3] Many courts have stayed proceedings pending the D.C. Circuit's ruling. See, e.g., Washington v. Six Continents Hotels, Inc., No. 216CV03719ODWJEMX, 2017 WL 111913, at *2 (C.D. Cal. Jan. 9, 2017); Bowden v. Contract Callers, Inc., No. 16-CV-06171-MMC, 2017 WL 1732017, at *3 (N.D. Cal. Apr. 5, 2017); Brickman v. Facebook, Inc., No. 16-CV-00751-TEH, 2017 WL 1508719, at *4 (N.D. Cal. Apr. 27, 2017); Clayton v. Synchrony Bank, 219 F. Supp. 3d 1006, 1011 (E.D. Cal. 2016); Small v. GE Capital, Inc., No. EDCV152479JGBDTBX, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016); Lilly v. Synchrony Fin., No. 2:16-CV-2687-JCM-VCF, 2017 WL 1370698, at *2 (D. Nev. Apr. 7, 2017).

5

denial of a stay.  Defendant is not asking for such a lengthy stay, nor would the Court be inclined to allow it.  The stay imposed here is limited to the D.C. Circuit's decision.  Any request for an extension of the stay would be evaluated based on the attendant circumstances and Plaintiff would have ample opportunity to challenge the request.

Judicial economy will be served, and potentially unnecessary expenses conserved, by a short stay.  It makes little sense for the parties and the Court to proceed with litigation while applicable standards remain unsettled. Indeed, requiring the parties to go forward will cause them "to spend time and money conducting discovery on a critical issue of liability without knowing what law will ultimately apply at summary judgment or at trial—a fool's errand, to say the least."  Washington, 2017 WL 111913, at *2.

Based on the foregoing, this case is STAYED until the D.C. Circuit issues its opinion in ACA International. EXCEPTED from the stay is the *Findings and Recommendation to Grant in Part and Deny in Part Defendant American Savings Bank, F.S.B.'s Motion for Rule 41(d) Costs and Stay of Proceedings* and any orders and proceedings related thereto. Final resolution of Defendant's Motion for Rule 41(d) Costs and a Stay of Proceedings should not be stayed because it does

6

not concern the underlying claims in this action and the D.C. Circuit's decision will have no bearing on its disposition.

CONCLUSION

Defendant's Motion to Stay Pending Decision of D.C. Circuit, filed July 19, 2017, is HEREBY GRANTED as stated above.

The parties are directed to file status reports and request a status conference within two weeks after the D.C. Circuit issues its opinion in ACA International.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2017.



Kevin S.C. Chang
United States Magistrate Judge

Civil No. 17-00299 HG-KSC; Moskowitz v. American Savings Bank, F.S.B.; ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING DECISION OF D.C. CIRCUIT