IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG MOSKOWITZ, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>AMERICAN SAVINGS BANK, F.S.B.,<br><br>        Defendant. | CIVIL NO. 17-00299 HG-KSC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE |

ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE

Before the Court is Defendant American Savings Bank, F.S.B.'s ("Defendant") Motion to Stay Case, filed July 9, 2018. Defendant also filed a Request for Judicial Notice in Support of Motion to Stay Case. On July 30, 2018, Plaintiff Craig Moskowitz ("Plaintiff") filed an Opposition. Defendant filed a Reply on August 10, 2018.

This matter came on for hearing on August 31, 2018. Justin Brackett, Esq., appeared, and Aytan Bellin, Esq., appeared by phone, on behalf of Plaintiff. Kevin Herring, Esq., and Steven Allison, Esq., appeared on behalf of Defendant. Present with defense counsel was Michael Vieira, Esq. After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY GRANTS the Motion for the reasons articulated below.

BACKGROUND

This action was previously stayed pending the issuance of the D.C. Circuit's decision in ACA International v. FCC, No. 15-1211, (D.C. Cir. filed Nov. 25, 2015).  On March 16, 2018, the D.C. Circuit issued its decision.

On May 14, 2018, this Court approved the parties' Joint Stipulation to Lift the Court's Stay.

ANALYSIS

As an initial matter, the Court addresses Defendant's request for the Court to take judicial notice of the 1) Petition for Declaratory Ruling filed with the Federal Communications Commission ("FCC") on May 3, 2018, in In re Rules and Regulations and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278 and 2) the Public Notice issued by the FCC on May 14, 2018 seeking comments by June 13, 2018. Federal Rule of Evidence 201(b) authorizes the Court to "judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201. "Documents that 'are administered by[,] or publicly filed with[,][an] administrative agency' are properly subject to judicial notice under Rule 201." Story v. Mammoth Mountain Ski Area, LLC, No. 2:14-CV-02422-JAM,

2015 WL 2339437, at *1 (E.D. Cal. May 13, 2015) (quoting <u>Tovar v. Midland Credit Mgmt.</u>, 2011 WL 1431988, at *2 (S.D. Cal. 2011)) (alterations in original).  Pursuant to FRE 201, the Court GRANTS Defendant's request for judicial notice.

Defendant seeks to invoke the primary jurisdiction doctrine to stay this action until the FCC issues a decision identifying what equipment qualifies as an automatic telephone dialing system ("ATDS").  Alternatively, Defendant requests that the Court stay the action pursuant to its inherent powers pending the Ninth Circuit's issuance of a decision in <u>Marks v. Crunch San Diego, LLC</u>.[1]  Plaintiff contends that he will be substantially prejudiced by a stay due to the indefiniteness of the delay and the loss of evidence.  Plaintiff additionally asserts that the absence of complicated issues and the requested injunctive relief militate against a stay.

The Court elects to limit its discussion to the propriety of a stay pursuant to its inherent power.  Although Plaintiff opposes the requested relief, at the hearing, Plaintiff's counsel conceded that the Court has the authority to stay this action until <u>Marks</u> is decided.[2]

---

[1] Defendant initially requested a stay until the FCC issues its decision, but later argued that, at a minimum, the case should be stayed until the resolution of <u>Marks</u>.

[2] Plaintiff argued that Defendant's modified request to stay this action until the disposition of <u>Marks</u> should be disregarded because it was raised for the first time in the

District courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citation omitted); Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979); Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming district court decision to stay proceedings pending outcome of arbitration as to certain claims).

In exercising its judgment, the court "must weigh competing interests and maintain an even balance." Landis, 299

---

Reply. This argument is without merit. That Defendant seeks a potentially shorter stay, until Marks is decided, is not a new argument as contemplated by Local Rule 7.4; it is merely an extension of Defendant's original request for a stay pursuant to the Court's inherent power.

U.S. at 254-55; Malama Mauka v. Rumsfeld, 136 F. Supp. 2d 1155, 1165 (D. Haw. 2001) ("[T]he competing interests that will be affected by the granting or refusing of a stay must be weighed."). These competing interest include: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005); Malama Mauka, 136 F. Supp. 2d at 1165 (citing Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)) (some citations omitted).

"If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). Courts should not grant stays "unless it appears likely the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court." Leyva, 593 F.2d at 864.

Exercising its broad discretion to stay proceedings as an incident to its power to control its own docket, the Court

GRANTS the Motion and stays the case pending the issuance of the Ninth Circuit's decision in <u>Marks</u>. The Court finds it reasonable to impose a stay for the purpose of awaiting resolution of legal issues that bear upon this action. <u>Leyva</u>, 593 F.2d at 863. The Court acknowledges that the a stay will cause this action to be further delayed. However, this alone will not cause Plaintiff to be unduly prejudiced. The Court does not share Plaintiff's belief that awaiting the <u>Marks</u> decision will cause loss of evidence or other damage that requires the case to proceed. Indeed, any potential harm is counterbalanced by the guidance that the <u>Marks</u> decision will provide. Finally, judicial economy and the orderly course of justice will be served, and potentially unnecessary expenses conserved, by the requested stay.

Based on the foregoing, this case is STAYED until the Ninth Circuit issues its opinion in <u>Marks</u>.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Stay Case, filed July 9, 2018, is HEREBY GRANTED and this action is STAYED. The parties are to notify the Court if there are any developments in <u>Marks</u>.

The Court additionally GRANTS Defendant's Request for Judicial Notice.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, September 4, 2018.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civil No. 17-00299 HG-KSC; <u>Moskowitz v. American Savings Bank, F.S.B.</u>; ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE